CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 SEP 22  PM 2: 49

DEPUTY CLERK_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| JOELLA VERLEE COFFEY, in her individual capacity; TERRY MAY, in his individual capacity and with ELIZABETH MAY and JERRY ANDERSON as Next Friends of Minors, A.A. AND M.A.; and THE ESTATE of AMBER MAY, | § § § § § § § | |
| Plaintiffs, | § § | NO. 2:16-CV-00071-J |
| v. | § § | |
| OCHILTREE COUNTY, TEXAS, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendant's Motion and Brief to Dismiss Pursuant to Rule 12(b)(7) for Failure to Join a Required Party and to Dismiss Next Friend Claims of Plaintiffs Terry May, Elizabeth May and Jerry Anderson of the Minor Plaintiffs*, filed on June 6, 2016.  Plaintiffs timely filed a Response, and Defendant filed a Reply.  For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

On April 24, 2014, jail officials booked Amber May into the Ochiltree County Jail.  Later that day, Amber May committed suicide by hanging herself with the cord attached to the pay phone in her jail cell.  Amber May had a long struggle with mental illness, took antipsychotic medication, and had previously attempted to kill herself.  Plaintiffs allege that Defendant and its officials were familiar with May's mental disability and failed to accommodate to her needs, ultimately resulting in her death.

May is survived by her two minor children, A.A. and M.A.  Their biological father, Jerry Anderson, filed suit as next friend of A.A. and M.A.  Joella Verlee Coffey and Terry May, Amber May's mother and father, brought this suit in their individual capacity and as proposed administrator of the Estate of Amber May.  Terry May and his wife, Elizabeth May, also sued as next friends of A.A. and M.A.

Prior to the filing of this suit, the 84th District Court of Ochiltree County, Texas, named the Texas Department of Family and Protective Services (DFPS) the temporary sole managing conservator of A.A. and M.A. "with all of the rights and duties listed in § 153.371 of the Texas Family Code." *App. in Support of Defendant's Motion*, p. 23.  As of the date of this Order, DFPS is still Temporary Sole Managing Conservator. *Id.*, *Joint App.*

## ANALYSIS

Defendant seeks dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(7) for failure to join a required party under Rule 19.  Defendant also seeks dismissal of the next friend claims filed by Plaintiffs Jerry Anderson, Terry May, and Elizabeth May.

### A.  Defendant's 12(b)(7) Claim

Rule 19(a)(1) lists the persons whose presence is required for the fair and complete resolution of a lawsuit. Fed. R. Civ. Pro. 19(a)(1).  A person is required if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

>           (ii) leave an existing party subject to a substantial risk of incurring double,
>
>           multiple, or otherwise inconsistent obligations because of the interest.

*Id.*

Defendant argues that the attorneys and guardians *ad litem* representing the minor children in two unrelated state suits must be joined in this action to avoid dismissal. In short, the Court agrees with Plaintiffs' Response that "one court's appointment of an attorney or guardian *ad litem* to represent the interests of minors in one legal matter does not create a duty or obligation for that attorney or guardian *ad litem* to represent those minors in every legal matter to which they are parties." *Plaintiffs' Response to Defendant's Motion*, p. 1.

First, a court does not need to appoint a guardian or attorney *ad litem* to represent minors in a wrongful death suit if the minors' interests are already represented. Any one person who is qualified to bring a wrongful death claim "may bring the action or one or more of those individuals may bring the action *for the benefit of all*." Tex. Civ. Prac. & Rem. Code § 71.004(b) (emphasis added); *Hill v. Union Pac. R.R. Co.*, No. 3:10-cv-1111-B, 2010 WL 4627731 (N.D. Tex. 2010); *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 849-50 (Tex. App.—San Antonio 1997, pet. denied); *see also Dennis v. Gulf, C. & S. F. Ry. Co.*, 224 S.W.2d 704, 705 (Tex. 1949) (noting that the children could have prosecuted the wrongful death suit "for the benefit of themselves and the mother without [the mother's] knowledge or consent"); *East Line & R.R. Co. v. Culberson*, 5 S.W. 820, 821-22 (Tex. 1887) (wrongful death suit must be for the benefit of all parties with the ability to sue, even if all are not parties to the suit). Section 71.004(b)'s use of the word *may* "is permissive in that the listed family members are not required to bring the action." Lopez-Rodriguez v. City of Levelland, No. 5:02-cv-073-C, 2004 WL 1746045, at *9 (N.D. Tex. 2004). A.A. and M.A. are not necessary parties to this suit because

§ 71.004 requires the suit to be prosecuted for the benefit of all who are so entitled under it. Morin v. Ford Motor Co., Nos. 3:07-cv-1700-L & 3:08-cv-779-L, 2009 WL 2486027, at *2 (N.D. Tex. 2009) (citing *Avila*, 948 S.W.2d at 850). Because this Court may afford complete relief to A.A. and M.A. without them being a party to this suit, an attorney or guardian *ad litem* is not required under Rule 12(b)(7).

In addition, the state probate and custody suits have no relation to this wrongful death suit. When an attorney or guardian *ad litem* is appointed to represent a minor's interests, their duties do not extend past that particular suit to which they were assigned. *Durham v. Barrow*, 600 S.W.2d 756 (Tex. 1980) ("A guardian *ad litem*'s representation is limited to matters related to the suit for which he was appointed."); *In re Fort Worth Children's Hospital d/b/a Cook Children's Medical Center*, 100 S.W.3d 582, 590 (Tex. App.—Fort Worth 2003, no pet.); *see Pleasant Hills Children's Home of the Assemblies of God, Inc. v. Nida*, 596 S.W.2d 947, 950-51 (Tex. App.—Fort Worth 1980, no writ) (holding that the trial court could not appoint the attorney *ad litem* from an unrelated state suit to represent minors in the federal civil rights suit). Because this suit bears no relation to the state probate and custody suits to which the attorneys and guardians *ad litem* were assigned, they are not required parties under 12(b)(7), or even proper parties, in this suit. *See Nida*, 596 S.W.2d at 950-51. Accordingly, Defendant's 12(b)(7) motion is denied.

## B. *Defendant's Next Friend Claims*

Defendant next argues that because an attorney and guardian *ad litem* has been appointed in the state suits, Terry May, Elizabeth May, and Jerry Anderson lack standing in this suit to assert claims on behalf of A.A. and M.A. While the Court agrees that Terry May, Elizabeth May, and

Jerry Anderson lack standing to sue as next friends, as stated above, the attorneys and guardians *ad litem* also lack standing.

Texas Civil Practice and Remedies Code § 71.004(a) states that only a decedent's surviving spouse, parents, and children may file suit under the Texas Survival Statutes. Tex. Civ. Prac. & Rem. Code § 71.004(a). Thus, Jerry Anderson and Elizabeth May, Amber May's ex-husband and step-mother, do not have standing to sue in their individual capacity. *Id.* Amber May's parents, Joella Verlee Coffey and Terry May, as well as her children, M.A. and A.A., do have authority to sue in their individual capacity. But because M.A. and A.A. are minors, they must do so through their legal representative. Fed. R. Civ. Pro. 17(c).

"[W]hen a minor already has a guardian who may sue on his behalf, the minor does not need next-friend representation in order to litigate his claims." *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 570 (Tex. 2015). DFPS is A.A.'s and M.A.'s temporary sole managing conservator. Thus, DFPS has "the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child[ren]." Tex. Fam. Code § 153.371 (2015). In their Response, Plaintiffs emphasize the fact that DFPS's authority is temporary, but fail to direct the Court as to why temporary managing conservators do not have exclusive authority to represent minors in a legal action. To the contrary, Texas law gives full, exclusive authority to temporary managing conservators, including state agents, to represent minors in a legal action. *R.M. ex rel. L.M. v. Ne. Independent Sch. District*, 818 F.2d 455, 457-58 (5th Cir. 1987) (parent lost standing to sue on behalf of minor child when Texas Department of Human Services became minor's managing conservator); *In re G.F.*, No. 09-11-00316-cv, 2012 WL 112549 (Tex. App.—Beaumont 2012, no pet.) (parent did not have standing to sue on behalf of minor children because CPS had temporary managing conservatorship); *In re T.N.*, 142

S.W.3d 522 (Tex. App.—Fort Worth 2004, no pet.) (same); *see also Crank v. Crank*, No. 3:96-cv-1984-D, 1997 WL 22815, at *4 (N.D. Tex. 1997) (only the managing conservator had standing to sue on behalf of minor children); *R.H. v. Smith*, 339 S.W.3d 756 (Tex. App.—Dallas 2011, no pet.) (joint managing conservators had exclusive authority to represent minor in legal action).   Because DFPS is the temporary managing conservator of A.A. and M.A., Jerry Anderson, Terry May, and Elizabeth May may not sue as next friends of A.A. and M.A.  This does not, however, prevent Terry May and Joella Verlee Coffey from representing A.A.'s and M.A.'s interests in this suit, as expressly provided by Texas Civil Practice & Remedies Code § 71.004(b).  Therefore, all next friend claims are dismissed.

**CONCLUSION**

For the reasons stated above, Terry May, Elizabeth May, and Jerry Anderson lack standing to represent A.A. and M.A. as next friends in this lawsuit. Therefore, their next friend claims are hereby DISMISSED with prejudice.  The balance of Defendant's requests is DENIED.

It is SO ORDERED.

Signed this the _____ day of September, 2016.

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**
