IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOELLA VERLEE COFFEY and TERRY, MAY, in their individual capacity and on behalf of statutory beneficiaries; and THE, ESTATE of AMBER MAY, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:16-CV-0071 |
| OCHILTREE COUNTY, TEXAS, | § § § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## TO GRANT THE PROPOSED SETTLEMENT

Before the Court is the parties' Second Joint Status Report filed February 17, 2017. (Dkt. 76). By that motion the Court was informed that all parties including the guardian *ad litem* were ready to proceed with an evidentiary hearing to consider the adequacy of the minors' proposed settlement in this case. On March 2, 2017, this matter was referred to the undersigned. (Dkt. 77).

On March 9, 2017, an evidentiary hearing was held with counsel for plaintiffs, Mr. Hani Mirza, counsel for defendant Ochiltree County, Mr. Matt Matzner, and guardian *ad litem* for the two minor children plaintiffs, Mr. Mark Packard, appearing. Based on the information proffered, the hearing testimony provided, and the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that settlement agreement is in the best interests of the minor children plaintiffs and should be GRANTED.

In the Ad Litem's Report and Recommendation filed March 7, 2017, the *ad litem,* Mr. Mark Packard, stated the parties have agreed to settle this case for a total of $637, 500.00. (Dkt. 80). By his Report and Recommendation as well as through testimony received at the evidentiary hearing, the Court understands Mr. Packard to recommend the settlement be approved as presented and to be in the best interests of the two minor children. A redacted copy of the Settlement Agreement and Release of All Claims was filed with the Court on March 9, 2017. (Dkt. 83).

The recommended settlement provides monies in the amount of Four Hundred Sixty Seven Thousand Five Hundred Dollars ($467,500.00) be deposited into two trusts created pursuant to Section 142.005 of the Texas Property Code for the benefit of each minor child with Two Hundred Thirty Three Thousand Seven Hundred and Fifty Dollars ($233,750.00) deposited into each account. Mr. Packard represented to the Court that Happy State Bank & Trust Company is the only local bank qualified and willing to administer these two trusts in the amounts set out, and that he recommends Happy State Bank be appointed to administer these trusts as Trustee.

The Court heard testimony from Mr. Joby Mills, Senior Vice President/Senior Trust Officer for Happy State Bank. Based upon this testimony as well as the report filed by *ad litem* Mr. Mark Packard, the Court is of the opinion that these two trusts, as opposed to an alternate vehicle such as an annuity, are in the best interests of the minor children and should be approved. The Court is also of the opinion that the fees associated with the administration of the trust and as testified to by Mr. Mills are reasonable and should be approved.

At the March 9, 2017 evidentiary hearing the Court also heard testimony from additional witnesses, all who are related to the two minor children, including Mr. Jerry Anderson, the

minors' biological father, Mr. Terry May, the minors' biological maternal grandfather, and Ms. Joella Coffey, the minors' biological maternal grandmother. These witnesses testified they support the guardian *ad litem's* recommendation in favor of the settlement agreement, believe the settlement agreement to be in the best interest of the two minor children, and request the settlement agreement to be approved.

Based upon the testimony and evidence before the Court it is the Recommendation of the undersigned United States Magistrate Judge that the proposed Settlement Agreement and Release of All Claims on file with the Court be approved. It is the further Recommendation of the Court that two trusts be established, one for each minor child, and that such trusts may be revoked and/or modified only upon order of the Court. The trusts should contain language, as agreed to by the attorney *ad litem* for the minors as well as all interested parties/relatives who testified at the evidentiary hearing, addressing the follows issues:

1. The trusts shall authorize the minors' primary care giver/guardian, their biological father, Mr. Jerry Anderson, as well as the minors' biological maternal grandfather, Mr. Terry May, and the minors' biological maternal grandmother, Ms. Joella Coffey, to have online access to the two trust accounts so that they may monitor all account activity;

2. The trusts shall approve, upon the minors' sixteenth birthday, the purchase of an automobile to be placed in the name of the minors' primary care giver/guardian until such time as it can be placed in the minors' names, but in no event shall the automobile be placed/titled in the name of the trust; and

3. At any time the primary care giver/guardian is unemployed and/or has employment which does not provide health insurance coverage to the two minors, the trusts shall be authorized to pay for health insurance benefits policies for the minors' health care costs. To the extent it is more cost effective for the trusts to purchase health insurance benefits policies which also cover the primary care giver/guardian, the trust shall be authorized to do so.

It is the further recommendation that attorney's fees in the amount of Ten Thousand One

Hundred Dollars ($10,100.00) and costs of One Hundred Thirty-Seven Dollars and Seventy Cents ($137.70) be approved and paid to the Court appointed guardian *ad litem* in this case, Mr. Mark Packard. The Court has considered the nature of the case, past litigation history of similar cases in this Division, and the testimony and evidence submitted by the guardian *ad litem*. The Court notes that the plaintiff's attorney's fees at issue are fair and reasonable and they are substantially less than the parties would have paid in a more traditional, contingency fee case.

IT IS RECOMMENDED that the settlement agreement as submitted and as set out above be approved. If approved by the United States District Judge, the parties will instruct Happy State Bank to prepare the trust instruments necessary to effectuate this settlement.

ENTERED this 29th day of March, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. Because this Recommendation is consistent with what the Court understood all parties wanted the objection period is shortened. The parties are hereby NOTIFIED that the deadline for filing objections is **Monday, April 3, 2017**.

However, if any party wishes a longer period for objections they shall notify the Court immediately and that party shall be given the full fourteen (14) day objection period. *See* Fed. R. Civ. P. 72(b)(2).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en

banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).